WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Hayden Almon,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>    Respondents. | No. CV-12-00704-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court is Petitioner Russell Hayden Almon's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). Respondents have filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 17). Petitioner did not file a reply. The Petition is ripe for adjudication.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Arizona Court of Appeals stated the basic facts[1] as follows:

Russell Almon was placed on lifetime probation in 1999 following a plea of

---

[1] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469, U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

no contest to a charge of child molestation. In 2010, the state filed a petition to revoke his probation, asserting Almon had violated A.R.S. § 13-2310(A), fraudulent scheme and artifice, by providing the probation office with falsified records indicating he had completed required community service hours that he had not completed. The petition also asserted Almon had not been at home when his probation schedule required him to be. After a violation hearing, the trial court found Almon had violated his probation, revoked his probation, and sentenced him to a five-year prison term.

Answer (Doc. 17), Ct. App. Mem. Decision 12/9/2011 at 1–2.

### A. *Post-Conviction Relief Proceeding*

On August 17, 2011, counsel for Petitioner filed an *Anders*[2] brief with the Arizona Court of Appeals.[3] Answer (Doc. 17), Appellant's Opening Br. 8/17/2011 (Exh. "T"). Subsequently, Petitioner filed a *pro se* supplemental appellate brief. Answer (Doc. 17), Appellant's Suppl. Br. 11/2/2011 (Exh. "W"). Petitioner alleged a single claim, asserting that based on the "totality of the circumstances, the trial court abused its discretion in finding that appellant intentionally committed fraudulent schemes and artifices[.]" Answer (Doc. 17), Exh. "W" at 6. Petitioner cites *Schlup v. Delo*, 513 U.S. 298, 115

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

[3] The Arizona Court of Appeals has described the procedure of filing an *Anders* brief as follows:

> Under our procedure, when appointed counsel determines that a defendant's case discloses no arguable issues for appeal, counsel files an *Anders* brief. The brief contains a detailed factual and procedural history of the case, with citations to the record. *See Scott,* 187 Ariz. at 478 n. 4, 930 P.2d at 555 n. 4. Counsel submits the brief to the court and the defendant. The defendant is then given the opportunity to file a brief *pro per*. After receiving all briefing, the court reviews the entire record for reversible error. If any arguable issue presents itself, the court directs appointed counsel to brief the issue. Only after the court has ascertained that counsel has conscientiously performed his or her duty to review the record, and has itself reviewed the record for reversible error and found none, will the court allow counsel to withdraw. *See State v. Shattuck,* 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). We conclude that this procedure permits counsel to perform ethically, while simultaneously ensuring that an indigent defendant's constitutional rights to due process, equal protection, and effective assistance of counsel are protected.

*State v. Clark*, 196 Ariz. 530, 537, 2 P.3d 89, 96 (Ct. App. 1999).

S.Ct. 851, 130 L.Ed.2d 808 (1995), and argues that "the facts underlying the claim of actual innocence would be sufficient to establish that no reasonable fact-finder would have found the defendant guilty of the offense beyond a reasonable doubt." *Id.*, Exh. "W" at 8.

On December 9, 2011, the Arizona Court of Appeals affirmed "the trial court's determination that Almon violated the terms of his probation, its revocation of his probation, and the sentence imposed." *See* Answer (Doc. 17), Ariz. Ct. App. Mem. Decision 12/9/2011 (Exh. "X"). As an initial matter the appellate court stated that "[t]o the extent [Petitioner] suggests the evidence was insufficient to support the trial court's finding that he violated § 13-2310, he essentially asks us to reweigh the evidence, which we will not do." *Id.*, Exh. "X" at 3 (citing *State v. Lee*, 189 Ariz. 590, 603, 944 P.2d 1204, 1217 (1997)). Regarding Petitioner's claim of "actual innocence," the court relied on Rule 27.8(b)(3), Arizona Rules of Criminal Procedure, and *State v. Russell*, 226 Ariz. 416, ¶¶ 10–12, 249 P.3d 1116, 1118 (Ct. App. 2011), finding "the law is clear that, when alleging a person has violated his or her probation, the state need prove those allegations only by a preponderance of the evidence, not beyond a reasonable doubt." *Id.*, Exh. "X" at 3.

Petitioner did not seek review of this decision with the Arizona Supreme Court. Petition (Doc. 1) at 7; Answer (Doc. 17), Ariz. Supreme Ct. Order 3/13/2012 (Exh. "Z").

### B. The Instant Habeas Proceeding

On September 18, 2012, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner claims four (4) grounds for relief. First, Petitioner alleges that the "[c]riminal burden of proof unproven showing conspiracy[.]" Petition (Doc. 1) at 6. Petitioner further alleges that the Government "engineered" the circumstances leading to the criminal charges and subsequent parole revocation, and that it "induced" and "entrapped" him. *Id.* at 17–18. Second, Petitioner alleges that the Government presented insufficient evidence to support the probation violation charged in this case. *Id.* at 7. Petitioner goes

on to attack the plea agreement(s) in his original cause of action. *Id.* at 19–21. Third, Petitioner claims that his "sentence is illegal and improper[.]" *Id.* at 8. Petitioner asserts that the statute that he was prosecuted under for the probation violation did not match the plea agreement presented at the revocation hearing, thereby "leaving the entire process defective[.]" Petition (Doc. 1) at 22. Fourth, Petitioner alleges "[p]rosecutorial misconduct causing unknowing complicity of the grand jury as to presented evidence by Mr. Garcia the Government agent[.]" *Id.* at 9. On May 28, 2013, Respondents filed their Answer (Doc. 17). Petitioner did not file a reply.

## II. STANDARD OF REVIEW

### A. *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)). Furthermore, this standard is difficult to meet

and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S.Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

### B. Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*,

455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted). This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349. "Generally, a petitioner satisfies the

exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C. Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim

> applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see*

*also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862. Further, in order to

demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). "if an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt. Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

### III. STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Almon's petition. The Court has independently reviewed the record and finds that the Petition (Doc. 1) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## IV.   ANALYSIS

### A. Grounds One and Two: Burden of Proof and Sufficiency of the Evidence

Petitioner alleges that the "criminal burden of proof [was] unproven showing conspiracy[.]" Petition (Doc. 1) at 6. Petitioner further asserts that there was insufficient evidence to support a finding that he violated his probation under the appropriate burden of proof. *Id.* at 7. Petitioner also takes issue with the form and content of the plea agreements relied upon. *Id.* at 19–21. Respondents assert that "Petitioner did not fairly present these claims to the state courts as federal claims[,]" and as such they are procedurally defaulted. Answer (Doc. 17) at 9.

The Court agrees with Respondents and finds that Petitioner did not "fairly present" these claims to the Arizona state courts. *See Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner

- 11 -

presented claim in state court only on state grounds).  Petitioner did not assert any constitutional claims in his petition to the Arizona Court of Appeals.  Indeed, the only case that he cited, *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), contemplates actual innocence as a gateway to excuse procedural default and allow a federal habeas court to consider the petitioner's constitutional claims.  "Citation of irrelevant federal or state cases does not provide a state court with a 'fair opportunity to apply controlling legal principles to the facts bearing upon [a Petitioner's] constitutional claim.'"  *Castillo v. McFadden*, 399 F.3d 993, 1001 (9th Cir. 2004).  Moreover, [i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (*per curiam*).

As such, the Petitioner's claims regarding the burden of proof and sufficiency of the evidence are unexhausted, and would now be precluded.  Ariz. R. Crim. P. 32.2(a)(3).  Petitioner's first two claims are therefore procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").  Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir.

1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

The Court notes that even if it were to find that Petitioner had properly raised this claim to the state court, it would still be procedurally defaulted. The Arizona Court of Appeals, relying on *State v. Lee*, 189 Ariz. 590, 603, 944 P.2d 1204, 1217 (1997), held that "[t]o the extent [Petitioner] suggests the evidence was insufficient to support the trial court's finding that he violated § 13-2310, he essentially asks us to reweigh the evidence, which we will not do." Answer (Doc. 17), Exh. "X" at 3. The court of appeals went on to state:

> Almon claims he is 'actually innocent' because the evidence did not support a conviction beyond a reasonable doubt, and the trial court erred in applying a preponderance of the evidence standard. But the law is clear that, when alleging a person has violated his or her probation, the state need prove those allegations only by a preponderance of the evidence, not by a reasonable doubt. Ariz. R. Crim. P. 27.8(b)(3); *State v. Russell*, 226 Ariz. 416 ¶¶ 10–12, 249 P.3d 1116, 1118 (App. 2011) (preponderance standard applies to probation revocation based on alleged felony).

Answer (Doc. 17), Exh. "X" at 3. In a footnote, the court of appeals also noted that Petitioner's reliance on *Schlup* was misplaced. *Id.*, Exh. "X" at 3 n. 2. When a Petitioner presents his claim to the state court, and is denied upon independent and adequate state grounds, this Court is prohibited from review. This is because the "state law determination [] is sufficient to support the judgment, [and] resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254. Accordingly, Petitioner is not entitled to habeas relief.

### B. Ground Three:  Excessive Sentence

Petitioner asserts that his sentence was "illegal and improper[.]" Petition (Doc. 1) at 8. Petitioner also asserts that the statute cited in the charging documents related to his case, and those cited in his plea agreement did not match. *Id.* at 22–24. Respondents again assert that "Petitioner did not fairly present th[is] claim[] to the state courts as [a]

federal claim[][,]" and as such it is procedurally defaulted. Answer (Doc. 17) at 9.

The Court agrees with Respondents, and finds that Petitioner did not address this claim to the Arizona state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). As such, the claim is unexhausted, and would now be precluded. Ariz. R. Crim. P. 32.2(a)(3). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Petitioner's claim as to count three is denied.

### C. Ground Four: Prosecutorial Misconduct

Petitioner alleges that "[p]rosecutorial misconduct caus[ed] unknowing complicity of the grand jury as to presented evidence by Mr. Garcia the Government agent." Petition (Doc. 1) at 9. Petitioner further alleges that the prosecutor "enter[ed] into a

1   fraudulent scheme . . . in order to acquire foundation and validity to the unmerited
2   claim[.]"  *Id.* at 9, 25–28.  Respondents assert that this "Petitioner's claim of
3   prosecutorial misconduct at the grand jury proceedings pertain[] to a different criminal
4   matter that is not the subject of this habeas petition." Answer (Doc. 11) at 4; *see also*
5   Petition (Doc. 1) at 40–44.  Respondents further assert that "because Petitioner pled
6   guilty, habeas relief is not available for alleged defects in the grand jury proceedings."
7   Answer (Doc. 17) at 5.

8       As an initial matter, Petitioner did not address this claim to the Arizona state
9   courts.  *See Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64
10  (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each
11  appropriate state court").  As such, the claim is unexhausted, and would now be
12  precluded.  Ariz. R. Crim. P. 32.2(a)(3).  Furthermore, Respondents' assertion that
13  Petitioner's guilty plea precludes habeas relief for any alleged grand jury irregularities is
14  correct.  *See Tollet v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d
15  235 (1973) ("when a criminal defendant has solemnly admitted in open court that he is in
16  fact guilty of the offense with which he is charged, he may not thereafter raise
17  independent claims relating to the deprivation of constitutional rights that occurred prior
18  to the entry of the guilty plea."). As such, Petitioner is not entitled to habeas relief as to
19  ground four.
20   . . .
21   . . .
22   . . .
23   . . .
24   . . .
25   . . .
26   . . .
27   . . .
28   . . .

**V.     CONCLUSION**

For the reasons delineated above, IT IS HEREBY ORDERED that:

1)  Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED;

2)  A certificate of appealability is DENIED, because reasonable jurists would not find the Court's ruling debatable.  *See* 28 U.S.C. § 2253;

3)  This matter is DISMISSED with prejudice; and

4)  The Clerk of the Court shall close its file in this matter.


Dated this 15th day of September, 2015.

                                   Honorable Bruce G. Macdonald
                                   United States Magistrate Judge